**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN ROBERT DEMOS, JR.,

    Petitioner,

v.                                                                  No. CIV 08-0814 WJ/WPL

THE UNITED STATES,

    Respondent.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court for preliminary consideration of Petitioner's Petition for Breach of Contract. Petitioner is incarcerated in Aberdeen, Washington. In the Petition and an Affidavit filed concurrently therewith, Petitioner attacks the jurisdictional basis of his conviction and asks for immediate release from prison. Because Petitioner is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and his pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992), the Court construes the Petition as a petition for writ of habeas corpus. *See also* 28 U.S.C. § 2254 R. 1, 4. Petitioner also filed a motion for leave to proceed in forma pauperis.

    Petitioner has previously filed two habeas corpus petitions and two complaints for damages in this Court, each one attacking his Washington conviction and incarceration. *See Demos v. Bush*, No. CIV 01-0691 JP/WWD; *Demos v. The Governor of the State of New Mexico, et al.*, No. CIV 03-0938 BB/ACT; *Demos v. Moore, et al.*, No. CIV 03-0939 JP/LCS; *Demos v. Bush*, No. CIV 03-1356 WJ/RLP. These proceedings were summarily dismissed. Under the statutory restrictions on second or successive petitions, *see* § 2244; § 2254 R.9, and the recent ruling in *In re: Cline*, 531 F.3d 1249,

1252 (10th Cir. 2008), the Court will dismiss the Petition with prejudice, *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

Furthermore, because Petitioner has initiated numerous proceedings raising the same subject matter, the Court may properly consider imposing restrictions on Petitioner's future filings. "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant." *Keyter v. 535 Members of the 110th Congr*, 277 F. App'x 825 (10th Cir. 2008) (citing *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). The Court will restrict further filings by Petitioner related to the subject matter of his pleadings to date.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 3) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Petition for Breach of Contract, construed herein as a petition for writ of habeas corpus, is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Petitioner is ENJOINED and prohibited from making further filings in this case except a notice of appeal; and the Clerk is directed to return without filing any document except a notice of appeal that Petitioner submits for filing in this case;

IT IS FURTHER ORDERED that Petitioner is ENJOINED and prohibited from commencing any litigation in this Court related to the subject matter of this Petition or the pleadings in his earlier cases, unless the initiating pleading is signed by a licensed New Mexico attorney or receives prior approval from the Court; and the Clerk is directed to forward to the Chief Magistrate Judge for approval, before filing, any initiating pleading that Petitioner submits pro se;

IT IS FURTHER ORDERED that judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE